UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GREAT NORTHERN INSURANCE COMPANY,
as subrogee of Carolyn M. Knutson,

                Plaintiff,                          <u>REPORT AND
RECOMMENDATION</u>

    -against-                                  10-CV-04333 (NGG) (ALC)

ELLSWORTH LANK, individually and doing
business as ATLANTIC FINE ART SERVICES,
ATLANTIC FINE ART SERVICES INC., and
ARPIN VAN LINES INC.,

                Defendants.

------------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE:**

    **I.**    **Background**

    Plaintiff Great Northern Insurance Company brings this action as a subrogee of Carolyn M.

Knutson against Defendants Ellsworth Lank, individually and doing business as Atlantic Fine

Art Services ("Lank"), Atlantic Fine Art Services Inc. ("Atlantic Fine Art"), and Arpin Van

Lines Inc. ("Arpin"). Plaintiff filed its complaint in New York State Court in Queens County on

August 31, 2010. The complaint alleges that Plaintiff's subrogor, Carolyn M. Knutson, entrusted

household goods, furniture, and other property to Defendants for transportation, storage, and

safekeeping, and that Defendants failed to return some of this property to her. (Compl. ¶¶ 21,

28-30.) Plaintiff alleges that Defendants' failure to deliver the missing articles constitutes a tort

under several common law theories of liability. (*Id*. ¶¶ 33-44.) Defendant Arpin removed the

action to this district on September 23, 2010. On February 18, 2011, Plaintiff and Arpin filed a

stipulation of dismissal whereby Plaintiff agreed to dismiss the action against Arpin. Plaintiff

also filed a motion for default against defendants Lank and Atlantic Fine Art on the same day

because those two defendants failed to appear in this action. On June 24, 2011, the Honorable Nicholas G. Garaufis, United States District Judge, dismissed defendant Arpin from the case. On July 11, 2011, the Court found that the facts alleged in the complaint are sufficient to establish liability against defendants Lank and Atlantic Fine Art for their failure to deliver Knutson's property as specified in the complaint. The Court then referred Plaintiff's motion for a default judgment to me for a report and recommendation as to damages against defendants Atlantic Fine Art and Lank.

## II. Discussion

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01-CV-3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)). The court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). In conducting an inquiry, the court need not hold a hearing "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." *Id.* The court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Chun Jie Yin v. Kim*, No. 07-CV-1236, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008) (collecting cases).

Here, Plaintiff requests $112,710 in damages, plus prejudgment interest and $110 in costs. In support of its request for damages, Plaintiff submits, *inter alia*, three affidavits and copies of cancelled checks from Plaintiff to Ms. Knutson for compensation of her goods lost and damaged while in Defendants' care. Plaintiff submits affidavits from Ms. Knutson, Plaintiff's subrogor; Cara E. Grandy, an employee of Chubb & Son; and Kenneth R. Feit, Plaintiff's counsel. (Affidavit of Cara E. Grandy, sworn to on February 4, 2011 ("Grandy Aff."); Affidavit of Carolyn M. Knutson, sworn to on February 18, 2011 ("Knutson Aff."); Affidavit of Kenneth R. Feit, sworn to on February 18, 2011 ("Feit. Aff.").)

Ms. Grandy is employed by Chubb & Son, a division of Federal Insurance Company, as a recovery specialist in its Chesapeake, Virginia office. (Grandy Aff. ¶ 1.) Plaintiff and other insurance companies are a part of Chubb Group of Insurance Companies and are managed by Chubb & Son ("Chubb"), a division of the Federal Insurance Company. (*Id.* ¶ 2.) Ms. Knutson attests that she carried insurance with Great Northern Insurance Company, which she sometimes referred to as "Chubb." (Knutson Aff. ¶ 4.) In or around April 2003, Arpin Van Lines transported Ms. Knutson's property to a warehouse for safekeeping and storage. (Knutson Aff. ¶ 2.) Sometime in 2004 or 2005, Ms. Knutson was notified that defendant Atlantic Fine Art Services acquired the warehouse. (*Id.*) From that point, Ms. Knutson communicated with defendant Ellsworth Lank in connection with her stored property in part because Lank described himself as the owner of Atlantic Fine Art. (*Id.*)

On November 7, 2008, Knutson reported to Chubb that she sustained loss and damages to her property that she entrusted for storage and safekeeping to defendants Arpin and Atlantic Fine Art. (Grandy Aff. ¶ 3.) In or around March 2009, Knutson confirmed with Chubb that she was missing two oriental rugs from the storage lot. (Knutson Aff. ¶ 5; Grandy Aff. ¶ 4.) Her

affidavit describes the rugs in detail and avers that the values of the rugs were $95,000. (Knutson Aff. ¶¶ 5-6; Grandy Aff. ¶ 4.) Plaintiff paid Knutson $95,000 for the loss of these rugs. (Knutson Aff. ¶ 7; Grandy Aff. ¶ 5.) Plaintiff enclosed a copy of the cancelled check. (Exh. 4 to Pl. Mot.) In or around October 2009, Knutson confirmed with Chubb that she was missing additional articles from the storage lot. (Knutson Aff. ¶ 8; Grandy ¶ 6.) She describes in the affidavit the missing items and avers that the values of the lost items were $14,775. (Knutson Aff. ¶¶ 8-9; Grandy Aff. ¶ 6.) Plaintiff paid Knutson $14,775 for the lost items. (Knutson Aff. ¶ 10; Grandy Aff. ¶ 7.) Plaintiff enclosed a copy of the cancelled check. (Exh. 5 to Pl. Mot.) In or around February 2010, Knutson confirmed with Chubb that there were additional items missing from the storage lot. (Knutson Aff. ¶ 11; Grandy Aff. ¶ 8.) She describes in her affidavit the missing items and avers that the values of the lost items were $3,650. (Knutson Aff. ¶¶ 11-12; Grandy Aff. ¶ 8.) Plaintiff paid her $3,650 and enclosed a copy of the cancelled check. (Knutson Aff. ¶ 13; Grandy Aff. ¶ 9; Exh. 6 to Pl. Mot.) In or around March 2010, Knutson confirmed that some of the items in the storage lot were damaged. (Knutson Aff. ¶ 14; Grandy Aff. ¶ 10.) She describes in the affidavit the items that were damaged and avers that the values of the damaged items were $1,285. (Knutson Aff. ¶ 14; Grandy Aff. ¶ 10.) Plaintiff paid Knutson $1,285 for the damaged items and enclosed a copy of the cancelled check. (Grandy Aff. ¶ 11; Exh. 7 to Pl. Mot.)

Plaintiff paid Knutson a total of $114,710 for the loss and damage of her property that she had entrusted to Defendants. (Grandy Aff. ¶ 12.) No deductible was subtracted from any of the payments. (Grandy Aff. ¶ 12.) On January 14, 2011, Plaintiff reached a settlement agreement with defendant Arpin for $2,000, who did appear in this action. (Grandy Aff. ¶ 13; Feit Aff. ¶ 6.) Plaintiff now requests $112,710 in damages from defaulting defendants Ellsworth Lank and

Atlantic Fine Art Services. (Grandy Aff. ¶ 14; Feit Aff. ¶ 7.) Based on the affidavits, the copies of the cancelled check, and the allegations in the complaint, I respectfully recommend that the Court award Plaintiff $112,710 in damages against defendants Atlantic Fine Art and Lank.

Plaintiff also requests prejudgment interest at nine percent per annum as provided by N.Y. C.P.L.R. § 5004 from the date of delivery of Ms. Knutson's property in September 2008 to the date of entry of judgment. (Feit Aff. ¶ 9.) Based on counsel's calculations, interest of $23,669.12 has accrued as of January 31, 2011 and then accrues at a rate of $27.79 per diem. I agree with the calculations provided in counsel's affidavit and recommend that the Court grant $29,782.92[1] in prejudgment interest, plus interest of $29.79 per diem commencing on September 10, 2011 until the date of judgment. Plaintiff also requests $110 in costs for the service of the summons and complaint. (Exh. 3 to Pl. Mot.) Counsel attached a copy of the check to the processing company verifying the expense. (*Id.*) Accordingly, I recommend that the Court grant Plaintiff $110 in costs.

### III.     Conclusion

For the foregoing reasons, I respectfully recommend that the Court award Plaintiff Great Northern Insurance Company $112,710 in damages against defendants Atlantic Fine Arts Services Inc. and Ellsworth Lank, jointly and severally, with prejudgment interest of $29,782.92 plus $29.79 per diem commencing on September 10, 2011 until the date of judgment. I further recommend that the Court award Plaintiff $110 in costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation on ECF. Extensions of time to file objections should be directed to Judge

---

[1] $23,669.12 is the amount of interest from September 30, 2008 until January 31, 2011, and $6,113.80 is the amount of interest from February 1, 2011 until September 9, 2011. (Feit Aff. ¶ 9.)

Garaufis. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on Defendants on all known addresses by certified mail, within three days of receipt, and should file proof of such service on ECF.

**SO ORDERED**

**Dated: September 9, 2011**
**Brooklyn, New York**

/s/ ALC

_____
**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**